# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00113-FDW

| | |
|---|---|
| THE CIT GROUP/COMMERCIAL SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) ORDER<br>)<br>) |
| CRYSTAL SPRINGS APPAREL, LLC, MICHAEL A. NIGRO, and DONNA M. NIGRO, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

THIS MATTER comes now before the Court upon Plaintiff's Motion to Strike Answer of Defendant Crystal Springs Apparel, LLC and for Entry of Default (Doc. No. 10).

Plaintiff filed this action on March 19, 2008, for breach of a Loan and Security Agreement, a Factoring Agreement, and a Guarantee Agreement, all dated March 16, 2001. Plaintiff alleges that under the terms of these agreements, Defendants' breach entitles Plaintiff to collect $651,766.76, together with all interest, costs, expenses, charges, and fees accruing after March 12, 2008, attorney's fees and costs. On May 2, 2008, Defendants Michael A. Nigro and Donna M. Nigro filed an Answer on their own behalf and also purportedly on behalf of Defendant Crystal Springs Apparel, LLC. In their answer, the Nigros do not represent that they are legal counsel, nor do they represent that they are licenced to practice law in North Carolina or in this Court.

As made clear by the United States Supreme Court, "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed

counsel. . . . [T]he rationale for that rule applies equally to all artificial entities." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993). This Court has explicitly applied this rationale to limited liability companies. Sea Island Co. v. The IRI Group, LLC, No. 3:07-cv-13, 2007 WL 2997660, at *2 (W.D.N.C. Oct. 12, 2007). Thus, Defendants' Answer, insomuch as it purports to be the Answer of Crystal Springs Apparel, LLC, shall be STRICKEN.

IT IS HEREBY ORDERED that Defendant Crystal Springs Apparel, LLC shall retain duly licensed legal counsel and have such counsel appear to file such motions, answer, or other responsive pleading to Plaintiff's Complaint within thirty (30) days of the entry of this Order. If counsel fails to appear on behalf of Crystal Springs Apparel, LLC and fails to file the appropriate motions, answer, or responsive pleading within thirty (30) days, the Court will order the Clerk to enter a default against Defendant Crystal Springs Apparel, LLC. Accordingly, Plaintiff's Motion is GRANTED to the extent that the Answer of Defendant Crystal Springs Apparel, LLC is STRICKEN, but the Court DEFERS RULING ON Plaintiff's Motion for Entry of Default for thirty (30) days.

IT IS SO ORDERED.                   Signed: May 15, 2008

Frank D. Whitney
United States District Judge