# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:08-cv-00113-FDW**

| | |
|---|---|
| THE CIT GROUP/COMMERCIAL SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )      **ORDER**<br>)<br>) |
| CRYSTAL SPRINGS APPAREL, LLC, MICHAEL A. NIGRO, and DONNA M. NIGRO, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court upon Plaintiff's Motion for Entry of Default (Doc. No. 10). For the reasons stated below, Plaintiff's Motion is GRANTED.

Plaintiff filed this action on March 19, 2008, for breach of a Loan and Security Agreement, a Factoring Agreement, and a Guarantee Agreement, all dated March 16, 2001. Plaintiff alleges that under the terms of these agreements, Defendants' breach entitles Plaintiff to collect $651,766.76, together with all interest, costs, expenses, charges, and fees accruing after March 12, 2008, attorney's fees and costs. On May 2, 2008, Defendants Michael A. Nigro and Donna M. Nigro filed an Answer on their own behalf and also purportedly on behalf of Defendant Crystal Springs Apparel, LLC. In their answer, the Nigros do not represent that they are legal counsel, nor do they represent that they are licenced to practice law in North Carolina or in this Court.

On May 15, 2008, the Court granted Plaintiff's Motion to Strike Answer of Defendant Crystal Springs Apparel, LLC, and ordered said Defendant to retain duly licensed legal counsel.

(See Doc. No. 21.) Furthermore, Defendant's counsel was to appear and file motions, answer, or other responsive pleading to Plaintiff's Complaint with thirty (30) days of the Court's Order. The time for compliance with the Court's Order has elapsed, and Defendant has not complied with the terms therein.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [T]he rationale for that rule applies equally to all artificial entities." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993). This Court has explicitly applied this rationale to limited liability companies. Sea Island Co. v. The IRI Group, LLC, No. 3:07-cv-13, 2007 WL 2997660, at *2 (W.D.N.C. Oct. 12, 2007). Moreover, entry of default judgment is appropriate where a party fails to defend. See Fed.R.Cir.P.55(a); Home Port Rentals, Inc., v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992).

Applying these legal principles to the record in this case, the Court concludes that Defendant Crystal Springs, LLC, has failed to follow the Court's Order in that it has not retained counsel to appear and respond to Plaintiff's Complaint within thirty (30) days of the Court's Order. Therefore, Plaintiff is entitled to entry of default against Defendant Crystal Springs, LLC. Accordingly, Plaintiff's Motion for Entry of Default is GRANTED.

IT IS SO ORDERED.            Signed: June 17, 2008

_____
Frank D. Whitney
United States District Judge