# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:08-cv-00113-FDW

| | |
|---|---|
| THE CIT GROUP/COMMERCIAL SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CRYSTAL SPRINGS APPAREL, LLC, )<br>MICHAEL A. NIGRO, and DONNA M. )<br>NIGRO, )<br>Defendants. )<br>) | **ORDER** |

THIS MATTER comes now before the Court upon Defendant Michael Nigro's Motion for Reconsideration, requesting that the Court set aside its entry of default against Defendant Crystal Springs Apparel, LLC (Doc. No. 14). For the following reasons, Defendant's Motion is DENIED.

As the Court has now stated on two occasions (Doc. Nos. 12, 13), a limited liability company may only appear in federal court through licensed counsel. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993); Sea Island Co. v. The IRI Group, LLC, No. 3:07-cv-13, 2007 WL 2997660, at *2 (W.D.N.C. Oct. 12, 2007). It was upon this basis that Defendant Crystal Springs's Answer was stricken and default entered against it. Now, Defendant Michael Nigro requests that the Court set aside that entry of default.

Rule 55 of the Federal Rules of Civil Procedure provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204 (4th Cir. 2006). Although the disposition of motions made under Rule 55(c) is "largely within the discretion of the trial judge," id., the United States Court of Appeals for the Fourth Circuit

has provided several factors to inform this decision.

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Id. at 204-05 (citing Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir.1987); Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir.1967)). Defendant Michael Nigro's request does not provide sufficient information to make a determination based upon these factors. Defendant simply states that neither he, Defendant Donna M. Nigro, nor Defendant Crystal Springs received copies or notification of the Orders referenced above. It is, however, Defendants' responsibility to follow their own case and to ensure that they are up to date on all filings. Furthermore, as stated above, any motion made on behalf of Defendant Crystal Springs **may not** be made by Defendant Michael Nigro, but rather must be made through licensed counsel.

Accordingly, Defendant Michael Nigro's Motion is DENIED. If Defendant Crystal Springs wishes to move the Court to set aside entry of default it must appear through duly licensed counsel and provide information sufficient to inform a review of the Payne factors.

IT IS SO ORDERED.            Signed: July 16, 2008

Frank D. Whitney
United States District Judge